## 63991. PERLOE v. GETZ EXTERMINATORS, INC.

CARLEY, Judge.

Appellant-plaintiff instituted the instant action to recover for appellee-defendant's alleged negligent termite inspection of a house. Appellant entered into a sales contract to purchase a home. The contract required the seller to "provide at time of closing. . . a 'LETTER OF INSPECTION' from a licensed pest control company stating that subject property was found to be free of termite infestation and/or structural damage caused by termites after having

made a visual inspection in accordance with the 'Structural Pest Control Act' of the State of Georgia. . ." Apparently the seller contacted appellee to perform the termite inspection required under the sales contract and appellee sent the seller a "clearance letter" containing the following: "At your request, we have re-inspected the property on the date above-indicated. Based upon careful visual examination of accessible areas and upon sounding of accessible structural members, we report that at the time of such inspection, we found no evidence of subterranean termite or other wood destroying insect infestation in the subject property, and, if such infestation previously existed it has been corrected and any damage due to such infestation has also been corrected or alternatively been fully disclosed as follows: NONE." Appellee was aware that such "clearance letters" were commonly given by sellers to purchasers of property at the time of closing. Appellee was specifically aware that the letter here in question was to be so used by the seller to whom it was addressed.

At the closing, appellant was provided the "clearance letter" by the seller. Appellant moved into the house and several months later discovered termite damage in the structure, some of which damage, according to the evidence, should have been discovered in appellee's inspection. The instant action resulted. At the close of the evidence, appellee moved for a directed verdict. The trial court granted the motion and appellant appeals.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a). It appears that the trial court directed a verdict for appellee in the instant case on the basis that "there's no contract." Presumably, the trial court was of the opinion that, as a matter of law, appellant was not a "privy" to the contract evidenced by appellee's "clearance letter" addressed to the sellers and, therefore, not entitled to recover for negligence in the performance of the termite inspection. In this regard, the trial court was in error. See *Allred v. Dobbs,* 137 Ga. App. 227, 228 (2) (223 SE2d 265) (1976). See also *Buchanan v. Ga. Boy Pest Control Co.,* 161 Ga. App. 301 (287 SE2d 752) (1982). The trial court erred in granting appellee a directed verdict on the basis of appellant's lack of "privity" and our review of the transcript fails to demonstrate that appellee was otherwise entitled to judgment as a matter of law.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Alan C. Manheim,* for appellant.
*John J. Jones, Clifford H. Hardwick,* for appellee.