66854. DAVI et al. v. SHUBERT et al.

McMURRAY, Presiding Judge.

This is a termite damage case. Plaintiffs, Paul P. Davi and Constance H. Davi, are the purchasers. Two of the defendants, William E. Shubert and Dorothy B. Shubert, are the sellers of the property located at 329 Candler Street, N. E., Atlanta, DeKalb County, Georgia. A third defendant, Jesse Murphy, d/b/a Radar Exterminating Company, is the owner of the company which prior to the closing of the sale inspected and treated the Candler Street house for termites.

Plaintiffs filed a six-count complaint, as amended, against the above defendants, and two other defendants not involved in this appeal, for damages resulting from termite infestation of their house. Generally, Count 1 alleges breach of contract; Counts 2, 3, 4 and 6 allege fraud; Count 5 alleges negligence as to inspection, reporting, and delivery of documents. As to each of these counts, the trial court granted summary judgment in favor of each of the above named defendants; and from this judgment, plaintiffs appeal. *Held:*

A. In Count 1 of the complaint, plaintiffs allege generally that defendants William E. Shubert and Dorothy B. Shubert were guilty of breaching the real estate sales contract. Plaintiffs contend that defendants failed to provide a termite clearance letter as required by the contract and as such, breached the contract. This contention is without merit.

The record indicates that under the contract and pursuant to special stipulation 6 (which provides that at time of closing, the

sellers shall provide "a clearance letter from a pest control operator certified in Wood Destroying Organisms certifying apparent freedom from termites and other wood-destroying organisms and from structural damage caused thereby . . ."), the defendants Shubert employed the Radar Exterminating Company (a pest control operator) to conduct a termite inspection. The record reflects that Radar inspected the property in question on October 3, 1979, and found visible evidence of active infestation of subterranean termites. Because of this finding, Radar, on October 9, 1979, treated the property for subterranean termites. Since the closing was delayed and because a clearance letter is good only for thirty (30) days, Radar, on December 18, 1979, reinspected the property for the defendants. This report again indicated findings of visible evidence of active infestation of subterranean termites. However, Mr. Murphy, in his deposition, testified that there was a typographical error and the report should have stated that there was visible evidence of a previous infestation of subterranean termites since the property had been treated. This mistake of fact is not material though, in that the report sufficiently described the problem so as to provide adequate notice as to the condition of the premises. Either active termite infestation or prior termite infestation was sufficient to alert the plaintiffs of a termite problem.

At the closing, the Shuberts, as sellers, offered to the plaintiffs, as purchasers, a copy of the December 18, 1979, termite letter. The plaintiffs inspected the termite letter and thereafter, closed on the property.

Plaintiffs may not now complain that the termite letter did not conform to the contract. They inspected the termite letter before the closing and knew then that it did not conform. Plaintiffs could have delayed the closing until they felt confident that the termite problem was under control or they could have chosen not to close. They did neither. By proceeding with the closing, they waived any right they may have had under the contract pertaining to the termite clearance letter. See *Page & Co. v. Dodson Printers' Supply Co.,* 106 Ga. 77, 80 (2) (31 SE 804); *Harder v. Carter,* 97 Ga. 273 (23 SE 82).

B. Counts 2, 3 and 4 of the complaint and Count 6 of the amended complaint allege, in general terms, fraud. Particularly, Count 2 alleges that defendants provided to plaintiffs at closing "a fraudulent Wood Infestation Inspection Report" which was relied upon by plaintiffs to their detriment; Count 3 alleges that defendants failed to disclose to plaintiffs a diagram of visible evidence of infestation and structural damage; Count 4 alleges that defendants failed to disclose structural damage in the termite letter; and Count 6 of the amended complaint alleges that defendants Shubert withheld

information regarding the physical condition of the property for the purpose of inducing plaintiffs to go forward with a contract of purchase well in excess of the true value of the property at that time.

" 'The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff.' *City Dodge v. Gardner,* 232 Ga. 766, 769 (fn. 1) (208 SE2d 794.)" *A-larms, Inc. v. Alarms Device Mfg. Co.,* 165 Ga. App. 382, 385 (1) (300 SE2d 311). To prevail against defendants' motions for summary judgment on the matter of the alleged fraud, plaintiffs had to establish a genuine issue of fact as to each of the above elements. Review of the record compels us to conclude that plaintiffs were unable to do so.

Here, the evidence reflects that the plaintiffs had a copy of the December 18, 1979 wood infestation inspection report at the time of the closing. The report specifically indicated that there was visible evidence of active infestation of subterranean termites. Further, the report stated in bold letters, "NOTICE: THIS REPORT IS SUBJECT TO ALL OF THE CONDITIONS ON THE REVERSE SIDE AND IS SUBMITTED WITHOUT WARRANTY, GUARANTEE OR REPRESENTATION AS TO CONCEALED EVIDENCE OF INFESTATION OR DAMAGE, EXCEPT AS PROVIDED IN THE RULES OF THE GEORGIA STRUCTURAL PEST CONTROL COMMISSION AS QUOTED ON THE REVERSE SIDE, OR UNLESS SPECIFICALLY STATED IN PARAGRAPH 2 UNDER 'TREATMENT' BELOW." On the reverse side, the report stated, "If there is visible evidence of active or previous infestation of Subterranean Termites . . . it should be assumed that there is some degree of damage, cosmetic or structural, to the building caused by this infestation."

The plaintiffs, with a copy of this report in hand, elected to go ahead and proceed with the closing. They (plaintiffs) never asked for an additional inspection or investigation, nor did they ask for further written representations. Plaintiffs instead chose to rely on the report and although the report indicated that there was no visible evidence of structural damage caused by subterranean termites, it specifically stated that "[i]f there is visible evidence of active or previous infestation of Subterranean Termites [which there was] . . . it should be assumed that there is some degree of damage, cosmetic or structural, to the building caused by this infestation." Thus, there remained nothing for the defendants to conceal. See *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901) (which held that where the defect is not concealed, or, if concealed, is discoverable by the exercise of

ordinary care on the part of the purchaser, no right of action for fraud and deceit exists; but the doctrine of caveat emptor applies). Moreover, it is evident in the case sub judice that the purchasers were not misled as to a material fact since the inspection report indicated a condition worse than that which may have really existed (active termite infestation as opposed to merely previous termite infestation). Therefore, there was no failure to give plaintiffs notice of a material fact which was relied upon by them and further, there was no evidence to show that this error was made for the purpose of deceiving the plaintiffs. This lack of scienter and justifiable reliance by the plaintiffs without more justifies granting the summary judgment. So long as "one essential element under any theory of recovery is lacking . . . the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements." *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432).

C. In Count 5 of the amended complaint plaintiffs allege that the above defendants were negligent in inspecting, reporting, and delivering to plaintiffs an erroneous "Wood Infestation Inspection Report." Plaintiffs contend that this negligence caused them injury for which they should recover from defendants an amount equal to the cost of repairing the damage which existed at the time of the delivery of the erroneous "Wood Infestation Inspection Report."

Here, the contract provided in special stipulation 6 that "the seller shall provide at time of closing this transaction a clearance letter from a pest control operator certified in Wood Destroying Organisms certifying apparent freedom from termites and other wood-destroying organisms and from structural damage caused thereby . . ." To this end, the defendant-sellers employed a pest control operator. He (the pest control operator) inspected the property and recorded his findings in the form of a wood infestation report which he gave to the defendants. There is no evidence to suggest that defendants (the sellers) were negligent in delivering the report to the plaintiffs. Defendants supplied the report to the plaintiffs at the closing in the same condition as rendered to them by the pest control operator, and the only evidence to suggest that the report was erroneous was the fact that there was a typographical error. However, as stated earlier, this error was not material in that it indicated a condition worse than that which may have really existed. Moreover, the "Wood Infestation Inspection Report" itself conclusively negates a claim of negligent inspection. The report fully disclosed the scope of its inspection and stated explicitly that termite infestation was found. The termite report further stated that it should be assumed that there is some degree of damage, cosmetic or

structural, to the building caused by this infestation. There remained nothing for the defendants to conceal. *Wilcher v. Orkin Exterminating Co.,* 145 Ga. App. 551, 552 (2) (244 SE2d 101).

Thus, as to Count 5, as well as to Counts 1, 2, 3, 4 and 6 discussed above, the trial court did not err in granting summary judgment in favor of all three defendants.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983.

Nancy S. Holland, for appellants.

*Billy Joe Smith, William W. Maycock, William L. Skinner, Richard N. Hubert,* for appellees.

Ruth Wall, *pro se.*