A91A0152. BAKER v. A. G. EDWARDS & SONS, INC.
(406 SE2d 87)

BANKE, Presiding Judge.
Acting in her capacity as guardian of her aunt, Marie R. Baker,

---

the appellant brought suit against ten named defendants (consisting of her aunt's son and several banks and investment brokerage companies), alleging that they had converted certain funds belonging to her aunt and had engaged in certain securities transactions on her behalf without proper authorization during a time when she was incompetent to manage her own affairs. The appellee herein is one of the brokerage companies named as a defendant in the action, the claim against it being predicated on allegations that it had guaranteed the aunt's signature in connection with several unauthorized stock sales in which her signature had allegedly been forged by her son. This appeal is from an order dismissing the appellee from the action on the ground that the complaint failed to state a claim against it upon which relief could be granted. This judgment was rendered directly appealable by virtue of an express determination of finality made by the trial court pursuant to OCGA § 9-11-54 (b). *Held*:

"When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place a defendant on notice of the claim against him." *Walton v. James & Dean, Inc.*, 177 Ga. App. 77, 78 (338 SE2d 516) (1985). " ' "Under the [Civil Practice Act], a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Cit.)' [Cit.]" *Sheppard v. Yara Eng. Corp.*, 248 Ga. 147, 149-150 (281 SE2d 586) (1981). Based on these principles, we hold that the trial court erred in concluding that the appellant's complaint failed to state a claim against the appellee on which relief could be granted.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 30, 1991 —
REHEARING DENIED MAY 28, 1991 — ■

*Jones, Cork & Miller, Carr G. Dodson, Bradley J. Survant, Brandon A. Oren*, for appellant.

*Lamar, Archer & Cofrin, Robert C. Lamar, David W. Davenport*, for appellee.