A92A2240. HUTCHERSON v. VANGUARD
EXTERMINATORS, INC.
(427 SE2d 828)

JOHNSON, Judge.

John Hutcherson appeals from the trial court's order dismissing

his complaint against Vanguard Exterminators, Inc., because it was not filed within the two-year statute of limitation set forth in OCGA § 9-3-33. Hutcherson contends that the court erred in finding that the facts alleged in his complaint state only a tort claim and not a breach of contract claim. In his complaint, Hutcherson alleges that he entered into a contract to purchase a house. The contract required the sellers of the house to furnish a letter from an exterminating company stating that the house is free and clear of termites and other wood-destroying organisms. The sellers obtained the services of Vanguard, which inspected the house and issued a certificate stating that the structure was not infested by termites or beetles. Hutcherson relied on the certificate issued by Vanguard in purchasing the house. After the purchase, Hutcherson discovered structural damage to the property due to termite infestation.

"When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place a defendant on notice of the claim against him." (Citations and punctuation omitted.) *Baker v. A. G. Edwards &c.*, 199 Ga. App. 758, 759 (406 SE2d 87) (1991). Here, the court correctly found that the facts alleged by Hutcherson set forth a tort claim and that the statute of limitation had run on such a claim. The court erred, however, in finding that those same facts do not also constitute a breach of contract claim. "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well." (Citations and punctuation omitted.) *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 534 (2) (327 SE2d 761) (1985). Hutcherson's allegations support a breach of contract claim based on his privity to the contract between the sellers and Vanguard for inspection of the house. *Perloe v. Getz Exterminators*, 163 Ga. App. 397 (294 SE2d 640) (1982). Although Hutcherson, in his complaint, does not specifically state that the basis of his claim is his privity to such a contract, the complaint does adequately place Vanguard on notice of such a claim. Judging the pleading by its function and substance, we find that it states a breach of contract claim. See generally *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77 (4) (403 SE2d 840) (1991). Because the six-year statute of limitation on this contract claim has not expired, the trial court erred in dismissing the complaint. OCGA § 9-3-24.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 10, 1993.

*Roger L. Curry*, for appellant.

*Howe & Dettmering, W. O'Neal Dettmering, Jr.*, for appellee.