## A97A1157. LEEUWENBURG et al. v. CLARK et al.
### (492 SE2d 263)

BLACKBURN, Judge.

Angela and Dennis Leeuwenburg (the purchasers) brought the underlying action against Michael and Florence Clark (the sellers) alleging fraud and breach of contract in connection with the sale of the Clarks' single-family residence. The trial court granted the sellers' motion for summary judgment on the breach of contract claim, and the purchasers appealed.[1] The purchasers contend that the sellers failed to comply with the Purchase and Sales Agreement (Sales Agreement) provision requiring correction of any structural damage caused by termites.

The Sales Agreement contained several provisions relevant to the issues raised in this appeal. It required that "[n]o less than seven (7), but within thirty (30), days prior to the closing, the Seller shall cause to be made, at Seller's expense, an inspection of the main dwelling from a licensed pest control operator. If visible evidence of active or previous infestation is indicated, Seller agrees, prior to closing, to (A) treat said infestation and correct structural damages resulting from said infestation and provide documentation evidencing correction of same and/or (B) provide documentation, satisfactory to lender (if applicable), indicating that there is no structural damage resulting from any previous infestation. Seller, at closing, shall provide a letter on a standard form in accordance with the regulations of the Georgia Structural Pest Control Commission, stating that the main dwelling has been inspected and found to be free from visible evidence of active infestation caused by termite or other wood destroying organisms." The Sales Agreement also contained a sur-

---

[1] In an earlier opinion, we affirmed, pursuant to Court of Appeals Rule 36, the trial court's order granting the Clarks' motion for summary judgment on the Leeuwenburgs' claim for fraud.

vival clause which provided that "[a]ny condition or stipulation not fulfilled at time of closing shall survive the closing, execution and delivery of the Warranty Deed until such time as said conditions or stipulations are fulfilled."

Prior to closing the sellers provided an Official Georgia Wood Infestation Inspection Report to the buyers. The report indicated previous infestation of subterranean termites, but no active infestation. In bold underlined print, the report noted that "[i]f visible evidence of active or previous infestation is reported it should be assumed that some degree of damage is present and a diagram identifying the structure(s) inspected and showing the location of such evidence must be attached to this form." It is undisputed that after the sellers received the wood infestation report, they did not provide documentation evidencing the repair of any structural damage or documentation evidencing that no structural damage was present and that the buyers were aware of the sellers' failure to provide such documentation prior to closing, but elected to proceed anyway.

The present case is similar to *Davi v. Shubert*, 168 Ga. App. 420 (309 SE2d 415) (1983), relied upon by the trial court. Therein, we determined that a buyer who knew that the termite letter presented at closing did not conform to the contract waived any right he may have had under the contract with respect to the termite letter by proceeding with the closing. Id.

Because the Sales Agreement here specifically required the sellers to perform the obligations at issue prior to closing, and the buyers were aware of the breach before closing, the buyers waived such performance by proceeding with closing. This case is controlled by *Davi v. Shubert*, supra. A survival clause in the Sales Agreement cannot breathe life into a contract where, as here, the provision has been previously waived.

As there is no issue of material fact regarding the buyers' *waiver* of their rights under the Sales Agreement, the trial court properly granted the sellers' motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1997 —
RECONSIDERATION DENIED SEPTEMBER 30, 1997 —

*Douglas R. Thompson*, for appellants.
*Gregory E. Stuhler, Anthony O. Lakes*, for appellees.