A02A0114. BROCK et al. v. ALLEN et al.
(568 SE2d 536)

JOHNSON, Presiding Judge.

Walter and Opal Brock filed the underlying suit nearly four years after being informed that the home they purchased had substantial termite damage. The Brocks sued Tony Allen d/b/a Complete Pest Control, who inspected the home and provided a termite inspection report at the closing of their purchase of the home. The Brocks alleged, in essence, that Allen negligently inspected the home and underreported termite infestation and damage.[1] The Brocks appeal from the grant of summary judgment to Allen.

---

[1] The Brocks also sued several other parties involved in the sale, but they do not appeal the trial court's judgment as to the other defendants.

The record shows the following: The real estate agreement between the Brocks and the sellers provides that the seller is to have the home inspected by a pest control operator and that, if visible evidence of active or previous infestation is indicated, the seller agrees, prior to closing, to treat the infestation, correct structural damage, and provide documentation evidencing correction of the damage, and/or provide documentation indicating there is no damage resulting from any previous infestation. It further provides that the seller is to provide at closing a letter stating that the home has been inspected and is free from visible evidence of active infestation caused by termites or other wood-destroying organisms.

At the closing, Opal Brock (the only Brock present at closing) was given a copy of the termite inspection report. The report indicated that there was previous infestation by subterranean termites and wood-decaying fungus, and some minor damage, that the inspector could not access all areas of the property, that a graph showing damage was attached (though no such graph was actually attached), and that no further inspection was warranted. The report also contained the following clause:

*If visible evidence of active or previous infestation is reported it should be assumed that some degree of damage is present and a diagram identifying the structure(s) inspected and showing the location of such evidence must be attached to this form.* Evaluation of damage and any corrective action should be performed by a qualified inspector approved by the purchaser and lending agency.

(Emphasis in original.) Opal Brock read the inspection report and signed it, acknowledging its receipt. The parties closed the transaction.

Later that day, Opal Brock reviewed the inspection report more closely and noticed that it indicated that the property had previous termite infestation and damage. A few days later, the Brocks hired another termite inspector, who reportedly found major termite damage and told the Brocks they should hire a building inspector. A third inspector found substantial damage caused by termites and other wood-destroying organisms. A fourth inspector found signs of active powder post beetles not listed on Allen's report and conditions conducive to infestation. An entomologist inspected the property and concluded that further inspection was needed, contrary to what Allen indicated on his report. This expert concluded that Allen was negligent in his inspection and failed to meet the standard of care required by pest control professionals.

In their complaint, the Brocks alleged that Allen committed fraud, breach of contract, and professional malpractice in conducting

the inspection and preparing the report. Allen moved for summary judgment, arguing that the Brocks waived their breach of contract claim by proceeding to closing despite having notice of a termite problem, that the evidence did not support a fraud claim, and that the malpractice claim was barred by the two-year statute of limitation applicable to tort claims.

The trial court granted summary judgment to Allen, holding that the two-year statute of limitation on any tort claim asserted by the Brocks had expired, that the fraud claim was unsupportable given the absence of justifiable reliance on Allen's representations, that any breach of contract claim was waived when the Brocks closed the transaction knowing that the termite letter did not conform with contract requirements, and that OCGA § 9-11-9.1 did not permit a professional malpractice action to be brought against an exterminator.

The Brocks appeal from the grant of summary judgment to Allen, challenging the trial court's ruling that a professional malpractice claim cannot be brought against an exterminator, and the court's implied ruling that the Brocks' malpractice claim was barred by the two-year statute of limitation which governs tort claims. We agree with the Brocks that a malpractice action may be maintained against an exterminator, and that a four-year statute of limitation applies to their malpractice claim insofar as it asserts a contract-based cause of action. Moreover, we hold that the trial court erred in finding that the Brocks waived their breach of contract claim against Allen by proceeding to closing. Accordingly, we reverse the trial court's grant of summary judgment to Allen insofar as it concerns these issues.

1. The Brocks contend, and Allen concedes, that the trial court erred in holding that OCGA § 9-11-9.1 does not allow professional malpractice actions to be filed against exterminators. In fact, a professional negligence action can be maintained against an exterminator.[2] The trial court's holding in this regard, therefore, was erroneous.

2. A single act or course of conduct may constitute not only a tort, but also a breach of contract.[3] We agree with the Brocks that the professional malpractice case asserted against Allen sounds in both contract and tort.[4] Thus, while the trial court correctly held that the two-

---

[2] See, e.g., *Fender v. Adams Exterminators*, 218 Ga. App. 62 (1) (460 SE2d 528) (1995).

[3] See *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 534 (2) (327 SE2d 761) (1985).

[4] The Brocks alleged that Allen was a licensed pest control agent, that he was under an obligation and duty to insure that the home was properly inspected, that he was obligated to make a complete and accurate description of the premises regarding wood infestation and decay, that he was negligent in his duty to accurately and completely report the condition of the premises, that his negligence constituted malpractice under the standards of conduct in his profession, and that the Brocks were in privity of contract with Allen.

year statute of limitation expired as to any tort-based claims,[5] to the extent the malpractice claim raises breach of contract issues, a four-year statute of limitation applies.[6] Because the Brocks filed the action before the four-year limitation period expired, the contract-based malpractice claim was timely.

3. The trial court's grant of summary judgment was also based on its finding that the Brocks waived any breach of contract claim they had against Allen because, at the time of closing, Opal Brock knew the termite letter did not conform with the sales contract requirements, but chose to close anyway. The Brocks have not appealed the trial court's ruling on the waiver issue and make no argument on appeal regarding waiver. But, because the trial court erroneously based its decision in part on the principle of waiver, it is essential that we consider the issue here.[7]

Under Georgia law, a buyer who proceeds to closing knowing that the seller has not fulfilled his obligations regarding a termite inspection waives any rights he may have had against *the seller* pertaining to the termite letter.[8] At the time of closing, the Brocks knew that the letter did not conform with the contract's termite clearance requirements. Thus, they waived any termite-related rights they may have had against *the sellers* under the contract.[9]

However, Allen cites no cases in which a court has applied this waiver-by-closing rule in favor of the pest control company that performed the inspection. We decline to extend the rule applicable to sellers to pest control operators.

This appeal primarily involves two contracts. One is the sales contract between the Brocks and the sellers. Another is the inspection contract between the sellers and Allen. Although the Brocks are not express parties to the inspection contract, they are third-party beneficiaries of and privy to that contract.[10] As such, the Brocks are

---

[5] See OCGA § 9-3-25; *Harrison v. Beckham*, 238 Ga. App. 199, 200 (1), n. 2 (518 SE2d 435) (1999).

[6] See *Harrison*, supra.

[7] See generally *Dodd v. City of Gainesville*, 250 Ga. App. 722, 724 (3) (551 SE2d 62) (2001).

[8] *Westminster Holdings v. Weatherspoon*, 237 Ga. App. 819, 821 (1) (517 SE2d 80) (1999) (buyer waived termite damage repair requirement where seller did not provide documentation of repair as required by agreement prior to closing); *Leeuwenburg v. Clark*, 228 Ga. App. 615 (492 SE2d 263) (1997) (sellers' duty to repair damage waived where buyer failed to demand before closing documents showing repair as required by contract); *Davi v. Shubert*, 168 Ga. App. 420, 421 (A) (309 SE2d 415) (1983) (buyers waived rights against sellers when closed sale after receiving letter notifying them of termite problem).

[9] See *Westminster Holdings*, supra at 821 (1); *Leeuwenburg*, supra at 616.

[10] *Hutcherson v. Vanguard Exterminators*, 207 Ga. App. 331, 332 (427 SE2d 828) (1993); *Perloe v. Getz Exterminators Svcs.*, 163 Ga. App. 397, 398 (294 SE2d 640) (1982); *Buchanan v. Ga. Boy Pest Control Co.*, 161 Ga. App. 301, 303 (1) (287 SE2d 752) (1982).

permitted to sue Allen directly for his failure to perform the contract.[11]

In this case, there was evidence acquired after the closing indicating that Allen did not adequately inspect the property. Even the most prudent buyer would not necessarily know at the time of closing that the termite inspection was inadequately performed or that the report presented was inaccurate. The waiver of a right must be made voluntarily and with knowledge of the right being waived.[12] And a waiver as to one party does not necessarily amount to a waiver as to all parties.[13] While the trial court did not err in granting summary judgment to the sellers, it did err in doing so in favor of Allen.

*Judgment reversed and case remanded. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 26, 2002 —
RECONSIDERATION DENIED JULY 9, 2002 — 

*Donna S. Golden, Christopher L. Casey*, for appellants.
*Carlock, Copeland, Semler & Stair, Charles E. Rogers, Cruser & Mitchell, Joseph R. Cruser, Jennifer M. McBath, Freeman, Mathis & Gary, Philip W. Savrin, Brian K. Schumacher*, for appellees.

---

[11] See *Perloe*, supra, 163 Ga. App. at 398.
[12] See *Providence Constr. Co. v. Bauer*, 229 Ga. App. 679, 681 (1) (494 SE2d 527) (1997).
[13] See generally *MultiMedia WMAZ v. Kubach*, 212 Ga. App. 707, 718 (443 SE2d 491) (1994) (Beasley, P. J., concurring specially) (waiver of privacy right for one purpose and in favor of one person does not amount to waiver for all purposes or by all persons and classes).