283.  FOOTE & DAVIES COMPANY v. HOUCHIN MANU-
FACTURING COMPANY.

1. A, a manufacturer of machinery, entered into a contract with B; a
bookbinder, to construct for him a "book-covering machine" according
to B's design. The machine was an experiment, and there was doubt
as to its practical success when completed. B therefore agreed with
A "to pay all the expenses incurred in getting up the machine, whether
the machine finally met with B's approval or not." Held: (a) In the
construction of the machine A was under an implied obligation to use
reasonably proper and suitable material, and to perform the work of
construction in a reasonably skilful manner. (b) If the machine when
completed was not suited to the purpose intended and was a failure, and
such unsatisfactory result was due to the inferior quality of the ma-
terial used by A in its construction, and to the unskilful manner in
which he performed the work, B would be released from his contract
to pay all the expense incurred by A in getting up the machine.
2. In a suit by A against B to recover the expense incurred in con-
structing the machine, an answer setting up the facts indicated in the
foregoing headnote, as the causes for the failure of the machine to pro-
duce satisfactory results, constituted a good defense; and evidence of-
fered in support thereof should have been allowed and submitted to
the consideration of the jury.

Complaint, from city court of Atlanta—Judge Reid. Novem-
ber 24, 1906.

Submitted May 2,—Decided June 26, 1907.

*Charles W. Smith,* for plaintiff in error.

*Candlers, Thomson & Hirsch,* contra.

HILL, C. J. The plaintiff in the court below was a manufac-
turer of machinery, and the defendant was a publisher and book-
binder. The president of the defendant company desired to have
constructed a book-covering machine, and, acting for his company,
employed the plaintiff to construct such a machine. As the ma-
chine seems to have had no model, but was novel and experimental,
there was some doubt as to its practical success. The plaintiff,
therefore, while willing to undertake its construction, and though
it had faith in its ability to construct the machine to meet the
views of the defendant, was unwilling to attempt the experiment
without a special contract. This contract was entered into by
the parties and is evidenced by the following two letters:

"Atlanta, Ga. April 1st, 1904.

"Messrs. Foote & Davies, City.

"Gentlemen: With further reference to the conversation had with our Mr. Houchin, we beg to advise you that we are entering your order for one of the machines referred to, upon the following condition: all expense that we may incur in getting up this machine, whether the machine finally meets your approval or not, will be borne by you. While we have every reason to believe that we will get up a machine to successfully meet your views, yet we could not attempt to make this experiment at our expense. We write this so that there may be no misunderstanding between us, and ask you to acknowledge receipt of this letter, agreeing with our requirements, and we will proceed with the machine without further delay. Yours truly, Houchin Manufacturing Company."

In reply to this letter, the defendant wrote as follows:

"Atlanta, Ga. April 2nd, 1904.

"The Houchin Mfg. Co., 115 Garnett St., City.

"Gentlemen:—Yours of the first is our understanding of the contract for building machine.

"Yours very truly, Foote & Davies Company."

Under the contract entered into by these two letters, the machine was completed. It proved to be unsuccessful, and on the refusal of the Foote & Davies Company to pay the expense of constructing the same, the Houchin Manufacturing Company brought suit against the Foote & Davies Company for the expenses incurred in getting up the machine. The suit was based upon the foregoing contract.

. In addition to the answer making a general denial of indebtedness, the Foote & Davies Company filed an amendment thereto, as follows: "Defendant says, that the machine which plaintiff built for it was properly planned, and, if properly and carefully built, would have been serviceable and of great value to defendant, but that, instead of its having been properly built, it was built so carelessly and of such inferior material, and the work thereon was so inferior, that said machine is unserviceable, and of absolutely no value to the defendant." This amendment was allowed. On the trial of the case the defendant offered proof in support of this amended answer, which was rejected by the court, as in the opinion of the court, under the terms of the contract, the defendant took

the risk of everything in the contract in connection with the con-
struction of the machine. The court permitted the defendant to
show the market value of the material that was put into the ma-
chine, but refused to allow the defendant to show either that such
material was not of proper quality to put into the machine, or that
the machine was not constructed in a suitable and workmanlike
manner, and for these reasons was worthless. The jury found
for the plaintiff the full amount; and the defendant filed a
motion for a new trial, which was overruled, and the plaintiff ex-
cepted. The only material exceptions to be considered by this
court are the exceptions to the rulings of the trial court in refus-
ing to allow evidence to be introduced by the defendant in support
of the averments set up in the amended answer, and in charging
the jury that under the contract in the case they' could not con-
sider the allegations that the machine was not constructed in a
proper and workmanlike manner, but was very improperly and
carelessly constructed, and of inferior material, and the work on it
was inferior, and that as a result the machine was not serviceable
and was of no value to the defendant.

The machine in question was the conception of Mr. Foote, the
president of the defendant corporation, and it was understood that
it was an experiment, and its practical utility when constructed was
doubtful. Foote testified, that during the construction of the
machine by the plaintiff, he was personally present a great deal of
the time, and made repeated objections to the material that
was going into the machine, and to the character of the workman-
ship; but these objections were disregarded. We think the trial
court erred in its construction of the contract in question. We
think that under this contract there was an implied obligation on
the part of the plaintiff to construct the machine skilfully and in
a workmanlike manner, and to make a selection of proper material
to be used in it. If, after using such skill and selecting such mate-
rial, the machine as completed did not prove to be a successful ex-
periment, the defendant was nevertheless bound to pay the expense
of its construction. It seems to us that it would be an unreasonable
interpretation to place upon the contract, that however unskilfully
made, and however inferior and unsuited the material used, the
defendant was nevertheless bound to pay all expense incurred in
connection therewith. It seems to us far more reasonable to say

that if the manufacturer, after using proper skill and workmanship and ordinarily good material, had nevertheless failed in making a successful machine according to the plans of the defendant, yet the defendant was bound to pay the expense incurred. Any other construction, in our opinion, would place the defendant at an unfair disadvantage and entirely at the mercy of the plaintiff. In the case of *Cannon v. Hunt,* 116 *Ga.* 452, 42 S.· E. 734, the Supreme Court held, that if the particular kind of material to be furnished and the manner in which the work is to be done are not specified in a contract, the contractor is at liberty, and is under a corresponding duty, to himself to make a selection of a proper material and to perform the work in the manner in which it should be done. No particular kind of materials is specified in the contract now under consideration, to be used in the construction of the machine, nor does the contract say anything as to the manner in which the work of construction should be performed. But we think that the law wrote into the contract the obligation to use reasonably suitable material, and to do reasonably skilful work in the construction of the machine. If the machine was a failure and was not reasonably suited to the purpose for which it was constructed and intended, and this was because of defective and unsuitable material, and careless and unskillful workmanship, and not because of any defect in the plan thereof as indicated by the defendant, we think these facts would, if proved, constitute a good defense, and would not be repugnant to the terms of the contract between the parties. Of course if Foote was present directing the work, and saw the material used and the character of the work done, and made no objection, this plea would not avail the defendant.

*Judgment reversed.*