46892.   MacDOUGALD CONSTRUCTION COMPANY v.
STATE HIGHWAY DEPARTMENT.

ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 25, 1972.

*Robert E. Andrews,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Asssistant Attorney General, Marion O. Gordon, F. Edwin Hallman, Jr., Assistant Attorneys General, John R. Strother, Jr., Deputy Assistant Attorney General,* for appellee.

DEEN, Judge. ■ The appellee would have us read out the "judgment and discretion of the contractor" clause from the contract and place the whole question on a quantum meruit basis, whereas the appellant insists that under this covenant it had an unbridled discretion as to how much water it cared to use on the grass. The trial judge, we think correctly, steered a middle course as shown by his instructions to the jury that "if you find from the evidence that all of the 7,281,500 gallons of water for which plaintiff seeks compensation in this case was in excess of the amount of water which the plaintiff in the exercise of a good faith judgment should have placed on the project, then your verdict should be for the defendant." This follows the time honored rule that where a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion. "Where the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith." 17A CJS 707, Con-

tracts, § 494 (1). Such is the rule where acceptance of the work is conditioned upon the satisfaction of the opposite party. *Commercial Mortgage &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388 (145 SE2d 249) pointing out that the satisfaction must be in the exercise of an honest judgment. The rule is the same even though the contract specifies that the decision of a designated engineer is to be final. *State Hwy. Dept. v. Hewitt Contr. Co.,* 115 Ga. App. 606 (155 SE2d 422). Comparison may also be made to *Foote & Davies Co. v. Houchin Mfg. Co.,* 2 Ga. App. 195 (58 SE 368), where A wanted an experimental machine constructed the practical success of which was in doubt, and therefore agreed to pay all expenses of building the machine whether or not it ultimately approved it. Such a contract will not free B, in building the machine, from an implied covenant to perform the work in a reasonably skillful manner and in good faith. What the intent of the parties was in making the contract must control; it is possible to so draw a contract as to leave decisions absolutely to the uncontrolled discretion of one of the parties and in such a case the issue of good faith is irrelevant. See *VTR, Inc. v. Goodyear Tire & Rubber Co.,* 303 FSupp. 773. Where a choice of materials or workmanship is left generally to the discretion of one of the parties, although there is a conflict of authority, it would appear that the reasonableness or unreasonableness of the decision made is to be considered in determining whether an honest judgment was exercised rather than whether the conclusion was in fact free from error. This is especially true where, as here, the contractor had a bona fide financial interest in quickly producing a mature sod as a condition precedent to final payment, but might also have had an interest in making a profit out of a grossly excessive use of water. The question of good faith being for the jury, the trial court properly denied the plaintiff's motion for directed verdict.

■ From what has been said it is evident that the court's instruction to the jury above quoted was substantially correct. This instruction also forms a basis of the fourth enu-

meration of error. There was no substantial error in the charge, harmful as a matter of law (*Code Ann.* § 70-207 (c)). The mere objection to the giving of a numbered request to charge without stating any grounds therefor is not a compliance with this section, for which reason the instruction will not be subjected to more detailed analysis. *Louisville & N. R. Co. v. Moreland,* 122 Ga. App. 850, 855 (178 SE2d 904). The same thing is true of enumeration of error 5, which moreover, affects only the amount of damages and would not constitute reversible error where the jury verdict for the defendant is otherwise sustainable.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*