A90A1125. COMBINED INSURANCE COMPANY OF AMERICA
v. REA.
(394 SE2d 624)

DEEN, Presiding Judge.

In December of 1982, Judy Rea was working in her florist shop when a company hired by the City of Clarkesville forced smoke through the sewer system in an attempt to locate leaks. This smoke, combined with sewer gases, entered Mrs. Rea's shop and caused her to have a severe reaction which included a sore throat, rash, shortness of breath, and chest pains. The following day she consulted her physician and was subsequently treated on a breathing machine. During one of the treatments, she had a reaction to the medication (which was later determined to contain one of the chemicals found in sewer gas) and had to be hospitalized for several days. After several weeks of recuperation at home, she attempted to return to work at her florist shop, but she immediately experienced the same symptoms. Her

physician concluded that she had an inhalant allergy to the substances contained in the fumes in the shop. Her physician consulted with two allergists about her injuries and both concurred with his opinion that the material flushed out of the sewer pipes sensitized Mrs. Rea and caused her medical problems. She had experienced no allergy problems prior to this incident. She continues to experience attacks when she is exposed to certain substances with strong odors when she enters a store, goes to church, etc.

Mrs. Rea has a medical disability policy with Combined Insurance Company of America ("Combined") which provides for disability benefits for sickness for five years and for benefits until age 65 if the disability results from an injury. Combined refused to pay benefits beyond five years, claiming that Mrs. Rea's physician of May 1987 responded "Yes" to a deposition question and a question on a form: "Is the disability the result of sickness?" Mrs. Rea brought suit against the insurance company after her benefits were terminated. Combined brings this appeal following the denial of its motion for summary judgment.

1. By affidavit, in explanation of his response that Mrs. Rea's disability was the result of a sickness, her physician stated that his affirmative answer "does not mean and never intended to mean that Judy Rea's disability results from 'sickness' as opposed to 'accident.' 'Sickness' as a medical term means: 'a condition of deviation from the normal health state.' " He attached to the affidavit a copy of this definition of "sickness" from the Encyclopedia & Dictionary of Medicine, Nursing & Allied Health, 3d ed. Dr. Waters also went on to state in his affidavit: "Her disability is a direct and independent result of her allergic sensitization which occurred by accident," and that prior to giving this affidavit, he had never seen the insurance policy in question and was not aware that their definition of "sickness" ("illness or disease causing Total Disability which commences while this Policy is in force as to the insured") differed from the normally accepted medical definition of the word.

On motion for summary judgment, the moving party bears the burden of proof and all evidence is construed in favor of the opposing party. *Mitchell v. Rainey*, 187 Ga. App. 510, 512 (370 SE2d 673) (1988); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962). Appellant presented no evidence to prove that Mrs. Rea's disability was caused by a "sickness" as defined in the policy. Indeed, all the evidence showed that her disability was the result of an accident. Her other medical problems, such as hypothyroidism, carbohydrate intolerance, and hypertension, were not shown to have any bearing upon her disability.

2. Appellant also contends that the trial court erred in denying its motion for summary judgment as to its potential liability for bad

faith penalties.

The issue of bad faith is always a matter for jury resolution unless, as a matter of law, the insurance company raises a reasonable defense which vindicates the insurer's good faith. *St. Paul Fire & Marine Ins. Co. v. Snitzer*, 183 Ga. App. 395, 397 (358 SE2d 925) (1987). "The issue of bad faith should be judged by the case made at trial, not by the preliminary proofs or other *ex parte* affidavits. [Cit.]" *Stegall v. Guardian Life Ins. Co.*, 171 Ga. App. 576, 577-578 (320 SE2d 575) (1984). As appellant presented no evidence that it was entitled to summary judgment as a matter of law, the trial court did not err in denying summary judgment and leaving the issue for jury resolution.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 18, 1990.

*McClure, Ramsay & Dickerson, John A. Dickerson, David L. Hudgins*, for appellant.

*Cathey & Strain, Dennis T. Cathey*, for appellee.