A00A1907. ROGERS v. FARMERS & MERCHANTS BANK.
(545 SE2d 51)

POPE, Presiding Judge.

Jesse Lee Rogers appeals from a grant of summary judgment in favor of Farmers & Merchants Bank on the bank's claim on a promissory note and on Rogers' counterclaim for wrongful conversion of collateral. We reverse the grant of summary judgment in favor of the bank because there are issues of fact remaining.

Construed in favor of Rogers, the relevant evidence of record shows that on November 11, 1997, Rogers borrowed $12,000 from the bank in order to purchase a truck from T. Coleman Hadden. Both Rogers and Hadden signed a "Simple Interest Note, Disclosure, and Security Agreement" whereby they became jointly and severally liable to repay the money with interest and agreed that the truck would be given as security on the note.

In February 1998 the truck was involved in two collisions and needed repair. In April and May, Rogers received two separate checks totaling approximately $2,500 from his own insurance company for the property damage to the truck, and he deposited the

checks in his wife's bank account because he did not have one. In July, Rogers arranged for the necessary repairs with L & S Paint & Body Shop and informed the bank. L & S agreed to perform the repairs for $660 provided Rogers would provide certain of the required parts and that Rogers himself would take care of part of the repairs.

While repairs were still underway, the bank contacted L & S and instructed it to repair all of the items set forth in the insurance claim, including the items Rogers intended to repair himself, with parts it could obtain through regular channels rather than with parts provided by Rogers. The bank told L & S that Hadden owned the truck, that the bank had a lien on the truck, that L & S should turn the truck over to the bank when the work was finished and that L & S should not release the truck to Rogers. Rogers brought the parts and the $660 payment to L & S to repair the truck, but L & S refused the payment because of the statements made by the bank. L & S completed the work ordered by the bank for $1,559.54, the bank paid that amount and L & S released the truck to the bank on August 8, 1998.

Thereafter, the bank sold the truck for $9,500 to Hadden, the co-promissor, and brought suit against Rogers for the deficiency of $2,330.78, which included the amount the bank paid for the repairs and court costs and filing fees. The trial court granted summary judgment in favor of the bank and against Rogers on his counter-claim for wrongful conversion.

Rogers' only argument is that he never defaulted under the agreement. Farmers & Merchants Bank claims that it was entitled to repossess the truck and collect the deficiency after the sale because Rogers was in default under either of two provisions of the note: (1) because one or more payments were not made on time; or (2) because "the collateral [was] damaged, destroyed, or stolen."

In his affidavit, the vice president of the bank stated that at the time that the bank paid L & S to repair the truck, payment on the note was past due and that therefore Rogers was in default. However, although Rogers admits that he made the July 1998 payment one week late, the bank accepted that payment, and Rogers made timely payments in August and September. Also, the evidence shows that the bank did not pay L & S and repossess the truck until August 8. Finally, the agreement provides that the bank may waive any right it may have against the parties signing the note, e.g., the right to demand timely payment. Thus there is an issue of fact concerning whether the bank waived timely payment in July and therefore whether any payments were past due at the time that the bank claimed default.

With regard to default based on damage to the truck, construing

the agreement as a whole, we cannot conclude that the simple fact that the truck was damaged in an accident constitutes an event of default under the agreement. In addition to the damage default clause, the agreement also provides that the promissors were required to maintain insurance on the property and that the bank would be named as a loss payee "so that the benefits arising from the insured risks will be paid to [the bank] and applied to the secured obligations." And the promissors were required to keep the property "in good condition and repair." Thus, the agreement clearly contemplates that insurance proceeds would be used to repair the collateral in a reasonable and timely fashion without the damage constituting an automatic default. Otherwise, any minor accident would allow the bank to immediately repossess the collateral, accelerate the payments and seek a deficiency from the promissor. Therefore there is an issue of fact concerning whether Rogers intended to repair the collateral in a reasonable and timely manner.

We note that the agreement also provides that the promissors would be in default if "any fact appears or event occurs that causes [the bank] to consider [itself] insecure, or the prospect of payment, performance, or realization on the collateral is impaired." This clause sets out a subjective basis upon which the bank could find a default, and in his affidavit, the vice president of the bank stated that "it became evident that Jesse Lee Rogers never intended to live up to his obligations under the promissory note." Further, it is undisputed that the insurance proceeds were deposited in an account owned by Rogers' wife and not paid jointly to the bank. But "[w]here the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith." (Citation and punctuation omitted.) *MacDougald Constr. Co. v. State Hwy. Dept.*, 125 Ga. App. 591, 593-594 (1) (188 SE2d 405) (1972). And the question of good faith is for the jury. Id.

Thus, the trial court was not authorized to find that there was a default under the agreement as a matter of law.

*Judgment reversed. Miller and Mikell, JJ., concur.*

DECIDED JANUARY 23, 2001.

*Martin L. Fierman,* for appellant.
*Christopher D. Huskins,* for appellee.