## A03A0330. NGUYEN v. LUMBERMENS MUTUAL CASUALTY COMPANY.
## A03A0331. LUMBERMENS MUTUAL CASUALTY COMPANY v. NGUYEN.
### (583 SE2d 220)

RUFFIN, Presiding Judge.

Lumbermens Mutual Casualty Company ("Lumbermens") sued Phuong Nguyen and her husband, Duy Nguyen, to recover damages incurred by Lumbermens under a surety bond. Lumbermens sued Mrs. Nguyen pursuant to a written indemnity agreement. The company also sued Mr. and Mrs. Nguyen, jointly, on a common law indemnity theory. Following a trial, Lumbermens moved for a directed verdict on all counts. The trial court granted the motion as to Mrs. Nguyen on the written indemnity agreement, but denied the motion as to Mr. Nguyen and granted a directed verdict in Mr. Nguyen's favor.

In Case No. A03A0330, Mrs. Nguyen appeals the directed verdict in Lumbermens' favor. In Case No. A03A0331, Lumbermens appeals the directed verdict in Mr. Nguyen's favor. As the two cases involve the same operative facts, we have consolidated them on appeal. For reasons that follow, we affirm.

A trial court is authorized to grant a directed verdict if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.[1] Viewed in this light, the evidence shows that Mrs. Nguyen procured a mortgage broker's license, which required that she post a surety bond with the Georgia Banking and Finance Commission. Accordingly, Mrs. Nguyen applied to Lumbermens to obtain a surety bond in the amount of $50,000. The application contained an indemnity clause, which provided that the applicant would indemnify Lumbermens against any loss it incurred under the bond. The clause further provided that Lumbermens

> shall have the right, and is hereby authorized, but not required . . . to adjust, settle or compromise any claim, demand, suit or judgment upon said bond, unless the undersigned [Mrs. Nguyen] shall request the Company to litigate

---

[1] See *Sims v. Heath,* 258 Ga. App. 681, 685 (6) (577 SE2d 789) (2002).

such claim or demand or defend such suit or to appeal from such judgment, and shall deposit with the Company collateral satisfactory to it in kind and amount.

In August 1999, Hamilton Financial Services submitted a claim for payment for the full amount of the bond. According to Hamilton Financial, a routine audit revealed that loans procured through Mrs. Nguyen had been fraudulently obtained. Specifically, Hamilton Financial discovered that Mr. Nguyen had falsified tax returns, which were then used in connection with loan applications. Hamilton Financial informed Lumbermens that it sustained damages of over $28,000 as a result of auditing expenses and attorney fees. Hamilton Financial also forwarded to Lumbermens a copy of a letter from Trustcorp Mortgage Company, which had purchased fraudulent loans from Hamilton Financial, demanding that Hamilton Financial repurchase 21 loans. The estimated loss to Hamilton Financial for repurchasing those loans was over $168,000. However, Hamilton Financial never actually repurchased the loans.

When notified of the claim, the Nguyens denied wrongdoing and instructed Lumbermens not to pay the claim. But the Nguyens did not provide documentation to support their position, and Mrs. Nguyen never requested that Lumbermens litigate or defend the claim, nor did she pay collateral as required by the agreement.[2] Mr. Nguyen subsequently pled guilty to two counts of first degree forgery for preparing the falsified income tax returns.[3]

Lumbermens eventually paid Hamilton Financial the $50,000. Lumbermens then sought to recover the money from the Nguyens. With respect to Mrs. Nguyen, Lumbermens asserted that she was liable both under the indemnity agreement and under principles of common law indemnity. As to Mr. Nguyen, who did not sign the agreement, Lumbermens pursued reimbursement from him under the theory of common law indemnity.[4]

*Case No. A03A0330*

1. On appeal, Mrs. Nguyen contends that the trial court erred in directing a verdict in favor of Lumbermens on the indemnity agree-

---

[2] In fact, the Nguyens' attorney repeatedly refused to provide any documentation, citing the pending criminal charges against Mr. Nguyen.

[3] Mr. Nguyen was indicted for fourteen counts of first degree forgery and pled guilty to two counts, and the remaining charges were merged with the first two counts.

[4] Although Lumbermens' complaint arguably raises a fraud claim against the Nguyens, on appeal, the company concedes that it sought recovery against Mr. Nguyen solely on the theory of "common law subrogation and indemnity."

ment. According to Mrs. Nguyen, issues of fact remain as to whether Lumbermens acted in bad faith by paying $50,000 to Hamilton Financial without obtaining proof that it sustained damages in this amount.

It is undisputed that Mrs. Nguyen is bound by the indemnity agreement, and the construction of such a contract is, absent an ambiguity, a matter for the court.[5] However, "[n]o construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation."[6] The agreement at issue expressly gave Lumbermens the right to settle or compromise any claim against the bond unless Mrs. Nguyen requested that the claim be litigated and/or defended. And if Mrs. Nguyen wanted Lumbermens to litigate or defend the claim, the contract required that she deposit collateral with Lumbermens. Here, there is no evidence that Mrs. Nguyen did either. Accordingly, Lumbermens acted within the scope of its contractual authority by settling the claim, and Mrs. Nguyen was required to indemnify the company.

Mrs. Nguyen argues that Lumbermens acted in bad faith by settling the claim because Lumbermens paid Hamilton Financial without proof that it repurchased any of the loans, which was one of the bases for its alleged damages.[7] "[W]here a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion."[8]

"Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and [it] implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will."[9] Generally, the issue of bad faith requires jury resolution.[10] However, in limited circumstances, our courts have found as a matter of law that insurers that act reasona-

---

[5] See *Tuzman v. Leventhal*, 174 Ga. App. 297, 299-300 (329 SE2d 610) (1985).

[6] *George L. Smith &c. Auth. v. Soft Comdex*, 250 Ga. App. 461, 462 (550 SE2d 704) (2001).

[7] We note that Mrs. Nguyen provides no legal authority for her contention in this regard. In fact, neither party provided any Georgia authority to support their positions on the issue of bad faith. Rather, both parties cited only federal cases, which may be persuasive authority, but are not binding on this Court. See *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 28 (2) (537 SE2d 165) (2000).

[8] *MacDougald Constr. Co. v. State Hwy. Dept.*, 125 Ga. App. 591, 593 (188 SE2d 405) (1972).

[9] (Punctuation omitted.) *Blaney v. O'Heron*, 256 Ga. App. 612, 615 (568 SE2d 774) (2002), cert. granted, Case No. S02G1784 (October 15, 2002).

[10] See *Combined Ins. Co. of America v. Rea*, 195 Ga. App. 701, 703 (2) (394 SE2d 624) (1990).

bly do not act in bad faith.[11] Here, we agree with the trial court that Lumbermens acted reasonably as a matter of law.

Lumbermens spent five months investigating Hamilton Financial's claim before issuing payment. During that time, Lumbermens discovered that criminal charges were pending against Mr. Nguyen for forging fraudulent tax returns, which were used to procure the loans. Hamilton Financial informed Lumbermens that it had incurred expenses of over $28,000 investigating and documenting the fraudulent loans. And Hamilton Financial also established that it was liable for an additional $168,000. Despite numerous requests from Lumbermens, the Nguyens never provided the company with any information to refute Hamilton Financial's claims or to establish a defense. Accordingly, Lumbermens paid Hamilton Financial the $50,000.

The fact that Hamilton Financial has not actually repurchased all of the fraudulent loans does not change the result here. Prior to issuing payment, Lumbermens confirmed that Hamilton Financial either had paid or would have to pay damages in excess of the $50,000 bond.[12] If Mrs. Nguyen disputed Hamilton Financial's claim, her agreement with Lumbermens required that she demand a defense and pay collateral to Lumbermens. Given Mrs. Nguyen's failure to do either, Lumbermens did not act unreasonably in settling the claim.[13] Moreover, we fail to see any evidence that Lumbermens acted with self-interest or ill will, which is generally required for a claim of punitive damages.[14] Under these circumstances, we find no error in the directed verdict in favor of Lumbermens on the indemnity agreement.

## Case No. A03A0331

2. In its cross-appeal, Lumbermens asserts that the trial court erred in granting a directed verdict in favor of Mr. Nguyen on its

---

[11] See *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 685 (580 SE2d 519) (2003) ("[T]he general rule [is] that the issue of an insurer's bad faith depends on whether the insurance company acted reasonably in responding to a settlement offer."); cf. *Govt. Employees Ins. Co. v. Gingold*, 249 Ga. 156, 158-159 (2) (288 SE2d 557) (1982) (insurer acted reasonably in failing to settle claim where insured provided no input regarding propriety of settlement).

[12] Indeed, from Lumbermens' perspective, the loss to Hamilton Financial was imminent. After Hamilton Financial informed Lumbermens that Trustcorp required it to immediately repurchase the loans, Lumbermens contacted the attorneys for Trustcorp, who confirmed that the loans would have to be repurchased.

[13] Cf. *Gingold*, supra (insurer acted reasonably in failing to settle claim where insured failed to cooperate with insurer during negotiations).

[14] See *Blaney*, supra.

common law indemnity claim.[15] According to Lumbermens, it — not Mr. Nguyen — was entitled to judgment as a matter of law. We disagree.

The duty to indemnify "may arise by operation of law, independently of contract."[16] If a person "is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action . . . for indemnity against the person whose wrong has thus been imputed to him."[17] Here, no wrong has been *imputed* to Lumbermens, nor does Lumbermens have any vicarious liability.[18] Rather, Lumbermens' duty to pay stemmed from its contractual obligation as a surety. Under these circumstances, common law indemnity principles do not apply.[19] It follows that the trial court did not err in directing a verdict in favor of Mr. Nguyen on this issue.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JUNE 6, 2003.

*Adam S. Jaffe*, for the Nguyens.

*Porter, Orrison & Doster, Brenda K. Orrison*, for Lumbermens Mutual Casualty Company.

---

[15] Although Lumbermens alleged common law indemnity claims against both Mrs. and Mr. Nguyen, on appeal, Lumbermens limits this claim of error to the latter.

[16] (Punctuation omitted.) *Southern Nitrogen Co. v. Stevens Shipping Co.*, 114 Ga. App. 581, 584 (1) (151 SE2d 916) (1966), superseded on other grounds by OCGA § 51-12-32.

[17] (Punctuation omitted.) Id.

[18] See *North Ga. Elec. &c. Corp. v. Thomason & Holsomback Constr. Co.*, 157 Ga. App. 719, 720 (1) (278 SE2d 433) (1981).

[19] See id. To the extent that *Fidelity & Deposit Co. of Maryland v. Williams*, 699 FSupp. 897 (N.D. Ga. 1988), would support a different result, we note that this Court is not bound by that case. See *Plantation Pipeline*, supra.