## A06A1959. HUNTING AIRCRAFT, INC. v. PEACHTREE CITY AIRPORT AUTHORITY.

(636 SE2d 139)

BLACKBURN, Presiding Judge.

In this declaratory judgment action, Hunting Aircraft, Inc. appeals the final judgment entered in favor of Peachtree City Airport Authority, in which the trial court declared that the Authority owed no implied duty of good faith and fair dealing when exercising its contractually-granted discretion as to whether to consent to Hunting's proposed assignment of its easement rights over the Authority's property. We hold that absent an express contractual provision to the contrary, a duty of good faith and fair dealing is implied into all nonleasehold contract provisions granting discretion to one of the parties, and we therefore reverse.

In rendering its final judgment, the trial court allowed no discovery and held a final hearing shortly after the answer was filed, allowing as evidence only two written contracts to which the parties stipulated. Because the trial court reached its decision based solely on its construction of the contracts, which is a legal question, we apply a de novo standard of review. *Neely Dev. Corp. v. Svc. First Investments.*[1]

The undisputed facts show that on property adjacent to the Authority's airport property, Hunting sought to operate an aviation maintenance and fueling facility. In 1991, Hunting and the Authority entered into an agreement which, in exchange for certain scheduled fees to be paid regularly by Hunting, conveyed to Hunting a nonexclusive access easement for the purpose of allowing Hunting to move aircraft from its property across the airport's boundary and onto the airport property and its runways and taxiways. The duration of the agreement was 25 years, renewable for another 25 years on the same terms with the consent of both parties, which consent could not be unreasonably or arbitrarily withheld. The Authority could declare a default and terminate the agreement if Hunting sold or assigned its real property interests or its easement rights without the prior written consent of the Authority. Hunting has apparently made all payments required by the agreement.

---

[1] *Neely Dev. Corp. v. Svc. First Investments*, 261 Ga. App. 253, 255 (582 SE2d 200) (2003).

In 2005, Hunting entered into an agreement with a third party to sell its improved real property to that party and to assign its interests in the easement agreement to that party. Hunting requested that the Authority consent to the transaction, but the Authority declined, refusing to give any explanation.

Hunting petitioned for declaratory judgment, asserting that the Authority had acted in bad faith and was simply trying to force Hunting either to sell the property to the Authority at a deeply-discounted price or to renegotiate the easement agreement at sharply-increased rates. Hunting asked the court to declare (i) that the implied duty of good faith and fair dealing did not permit the Authority to refuse to consent to the proposed transaction solely to secure an economic advantage, and (ii) that Hunting could proceed with closing the transaction without such constituting a default under the easement agreement. In the alternative, Hunting sought damages. Hunting served substantial discovery requests with its petition.

The Authority answered, immediately seeking a protective order staying all discovery on the ground that the court could decide the issue based solely on the written easement contract. The court agreed, staying all discovery and conducting a final hearing on the merits two weeks later. At the hearing, the court would only admit the easement agreement and the agreement of the proposed transaction. The court ruled in favor of the Authority, declaring that the easement agreement was unambiguous and did not require the Authority to act reasonably when considering a request for the assignment of rights conferred by the easement agreement. The court concluded that the unconsented-to proposed transaction would constitute a default under the easement agreement and that therefore the damages claim was moot. Hunting appeals this final judgment.

1. In 1980, the Supreme Court of Georgia in *Brack v. Brownlee*[2] held that " '[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.' " With rare exception (which will be discussed in Division 2 below and which is inapplicable), the Supreme Court and our Court have since that time consistently applied this overarching principle in construing contracts governed by Georgia law. See, e.g., *West v. Koufman;*[3]

---

[2] *Brack v. Brownlee*, 246 Ga. 818, 820 (273 SE2d 390) (1980).
[3] *West v. Koufman*, 259 Ga. 505, 506 (384 SE2d 664) (1989).

*WirelessMD, Inc. v. Healthcare.com Corp.*;[4] *Camp v. Peetluk*;[5] *Southern Business Machines of Savannah v. Norwest Financial Leasing.*[6] Specifically, we have held that "[t]his implied duty requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. And, *where the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith.*" (Citation and punctuation omitted; emphasis supplied.) *Camp*, supra, 262 Ga. App. at 350 (2). See *Rogers v. Farmers &c. Bank.*[7] What constitutes good faith is a question for the finder of fact. *Camp*, supra, 262 Ga. App. at 350 (2).

Here, the relevant contract provision authorizes the Authority to declare default if Hunting conveys or assigns its interests in the adjacent real property or in the easement agreement without the prior written consent of the Authority. Thus, the agreement allows the Authority to exercise its discretion in determining whether to grant such consent. Under the above-referenced line of authority, "the discretion is subject to an implied obligation that it be exercised in good faith." *Time Warner Entertainment Co. v. Six Flags Over Ga.*[8] If the Authority causes Hunting to default through unreasonably withholding its consent to the transaction, then the Authority would be precluded from declaring default under the easement agreement. See *West*, supra, 259 Ga. at 506.

Hunting has alleged here that the Authority is withholding its consent on the ground that it desires to purchase Hunting's property itself at a deeply-discounted price or in the alternative desires to renegotiate the easement agreement to dramatically increase Hunting's fees. "Good faith" and "reasonableness" do not comprehend arbitrary or capricious reasons, or considerations based on pecuniary gain, or merely personal preferences; rather, they refer to "considerations of fairness and commercial reasonableness." *Stern's Gallery of Gifts v. Corporate Property Investors.*[9] Cf. *Savannah Airport Comm.*

---

[4] *WirelessMD, Inc. v. Healthcare.com Corp.*, 271 Ga. App. 461, 468 (2) (610 SE2d 352) (2005).

[5] *Camp v. Peetluk*, 262 Ga. App. 345, 350 (2) (585 SE2d 704) (2003).

[6] *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 256 (2) (390 SE2d 402) (1990).

[7] *Rogers v. Farmers &c. Bank*, 247 Ga. App. 631, 633 (545 SE2d 51) (2001).

[8] *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 245 Ga. App. 334, 345 (1) (c) (537 SE2d 397) (2000), vacated and remanded, 534 U. S. 801 (122 SC 24, 151 LE2d 1) (2001), reinstated, 254 Ga. App. 598, 599 (1) (563 SE2d 178) (2002).

[9] *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586, 594 (4) (337 SE2d 29) (1985).

*v. Higgerson-Buchanan, Inc.*[10] (reasonable would not include party's discretionary decision to alter the scope of the work merely to secure an economic advantage to the detriment of the other party). A finder of fact would be authorized to find that denying consent to the proposed transaction on the basis that the Authority hoped to secure the property for itself or hoped to extract additional fees from Hunting constituted unreasonableness or failure to act in good faith.

2. Recognizing this, the Authority sets forth three reasons why it believes the implied duty of good faith and fair dealing does not apply to the easement agreement. First, the Authority focuses on an exception to the rule imposing a duty of good faith. If an agreement by its express terms grants a party absolute or uncontrolled discretion in making a decision, then no duty of good faith is implied as to that decision. *Automatic Sprinkler Corp. of America v. Anderson;*[11] *Mac-Dougald Constr. Co. v. State Hwy. Dept.*[12] See *Time Warner Entertainment Co.*, supra, 245 Ga. App. at 345 (1) (c). Here, no contract provision grants such absolute or uncontrolled discretion to the Authority. Nevertheless, citing the contract construction rule that the express mention of one thing implies the exclusion of another (see *Krogh v. Pargar, LLC*[13]), the Authority would have us *infer* such absolute discretion based on the presence of limiting language found in the renewal provision (the parties' consent to a renewal "shall not be unreasonably or arbitrarily withheld") and on the absence of such language in the provision requiring the Authority's consent to a proposed assignment of the easement rights.

This argument fails. The principle is that the duty of good faith is implied in all contracts, which is the overarching presumption. The exception to this general rule occurs only if the contract expressly (not impliedly) provides otherwise. We decline the Authority's invitation to use an inference or implication to substitute for the Supreme Court of Georgia's requirement of express language. See *Automatic Sprinkler Corp.*, supra, 243 Ga. at 868.

Second, the Authority argues that the granting of discretion to the Authority to decide whether to grant its consent to such assignments alone authorizes it to act without regard to good faith or reasonableness. This circular argument runs completely contrary to the principle cited above that " 'where the manner of performance is

---

[10] *Savannah Airport Comm. v. Higgerson-Buchanan, Inc.*, 238 Ga. App. 548, 549 (519 SE2d 475) (1999).

[11] *Automatic Sprinkler Corp. of America v. Anderson*, 243 Ga. 867, 868-869 (257 SE2d 283) (1979).

[12] *MacDougald Constr. Co. v. State Hwy. Dept.*, 125 Ga. App. 591, 593 (1) (188 SE2d 405) (1972).

[13] *Krogh v. Pargar, LLC*, 277 Ga. App. 35, 39 (2) (625 SE2d 435) (2005).

left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith.' " *Camp*, supra, 262 Ga. App. at 350 (2). The granting of discretion to a party triggers a duty to act in good faith; it does not eviscerate it (absent express language so stating). As stated by then Circuit Judge Scalia, "to say that every expressly conferred contractual power is of this nature is virtually to read the doctrine of good faith (or of implied contractual obligations and limitations) out of existence." *Tymshare, Inc. v. Covell.*[14] See *The Rhode Island Charities Trust v. Engelhard Corp.*[15] (applying *Tymshare*'s analysis to Georgia law).

Third, the Authority cites to a series of three cases carving out another limited exception to the "good faith and fair dealing" rule. *The Tap Room v. Peachtree-TSG Assoc.*,[16] *Vaswani v. Wohletz*,[17] and *Nguyen v. Manley*[18] held that in the context of a lease, no requirement of reasonableness was implied to constrict a landlord's discretion whether to consent to the assignment of a lease or to consent to structural alterations to the leased property, even though the lease did not contain any language granting the landlord absolute discretion in this regard. Because this limited line of authority is an exception to the well-recognized and overarching rule that good faith and fair dealing are implied in all contracts, we decline to enlarge this exception so as to apply it to nonleasehold contracts. Otherwise, the exception would swallow the rule. Here, the parties entered an access easement agreement, not a lease, and therefore the limited exception set forth in these cases does not apply.

Accordingly, the trial court erred in its legal conclusion that the duty of good faith did not apply to the Authority's decision to withhold its consent to the proposed transaction. We reverse and remand the case for proceedings consistent with this opinion.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 1, 2006 —

*Jones Day, David M. Monde, Stephen C. Belan,* for appellant.
*Powell Goldstein, Stephanie E. Dyer, Simon H. Bloom,* for appellee.

---

[14] *Tymshare, Inc. v. Covell*, 727 F2d 1145, 1153-1154 (III) (D.C. Cir. 1984).

[15] *The Rhode Island Charities Trust v. Engelhard Corp.*, 109 FSupp.2d 66, 75 (III) (A) (D. R.I. 2000), aff'd, 267 F3d 3 (1st Cir. 2001).

[16] *The Tap Room v. Peachtree-TSG Assoc.*, 270 Ga. App. 90, 91 (1) (606 SE2d 13) (2004).

[17] *Vaswani v. Wohletz*, 196 Ga. App. 676, 677 (1) (396 SE2d 593) (1990).

[18] *Nguyen v. Manley*, 185 Ga. App. 187 (363 SE2d 613) (1987).