[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10919
Non-Argument Calendar

_____

D.C. Docket No. 07-00042-CV-5

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
ZURICH AMERICAN INSURANCE COMPANY,

Plaintiffs-Appellees,

versus

DOUGLAS ASPHALT COMPANY,
JOEL SPIVEY,
RONNIE SPIVEY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 28, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

The Georgia Department of Transportation ("GDOT") contracted with Douglas Asphalt Company to perform work on an interstate highway. After Douglas Asphalt allegedly failed to pay its suppliers and subcontractors and failed to perform under the contract, GDOT defaulted and terminated Douglas Asphalt. Fidelity and Deposit Company of Maryland and Zurich American Insurance Company had executed payment and performance bonds in connection with Douglas Asphalt's work on the interstate, and after Douglas Asphalt's default, Fidelity and Zurich spent $15,424,798 remedying the default.

Fidelity and Zurich, seeking to recover their losses related to their remedy of the default, brought this suit against Douglas Asphalt, Joel Spivey, and Ronnie Spivey. The Spiveys and Douglas Asphalt had executed a General Indemnity Agreement in favor of Fidelity and Zurich.

After a bench trial, the district court entered judgment in favor of Fidelity and Zurich for $16,524,798. Douglas Asphalt and the Spiveys now appeal.

Douglas Asphalt and the Spiveys argue that the district court erred in entering judgment in favor of Fidelity and Zurich because Fidelity and Zurich acted in bad faith in three ways.

First, Douglas Asphalt and the Spiveys argue that the district court erred in not finding that Fidelity and Zurich acted in bad faith because they claimed excessive

2

costs to remedy the default. Specifically, Douglas Asphalt and the Spiveys argue that they introduced evidence that the interstate project was 98% complete, and that only approximately $3.6 million was needed to remedy any default. But, the district court found that the interstate project was only 90% - 92% complete and that approximately $2 million needed to be spent to correct defective work already done by Douglas Asphalt. (R.5-76 at 15.) Douglas Asphalt and the Spiveys have not shown that the district court's finding was clearly erroneous, and accordingly, their argument that Fidelity and Zurich showed bad faith in claiming that the project was only 90% complete and therefore required over $15 million to remedy the default fails.

Second, Douglas Asphalt and the Spiveys argue that Fidelity and Zurich acted in bad faith by failing to contest the default. However, the district court concluded that the indemnity agreement required Douglas Asphalt and the Spiveys to request a contest of the default, and to post collateral security to pay any judgment rendered in the course of contesting the default. The court's finding that Douglas Asphalt and the Spiveys made no such request and posted no collateral security (R.5-76 at 19) was not clearly erroneous, and the sureties had no independent duty to investigate a default. Accordingly, Fidelity and Zurich's failure to contest the default does not show bad faith.

Finally, Douglas Asphalt and the Spiveys argue that Fidelity and Zurich's refusal to permit them to remain involved with the interstate project, either as a contractor or consultant, was evidence of bad faith. Yet, Douglas Asphalt and the Spiveys did not direct the district court or this court to any case law that holds that the refusal to permit a defaulting contractor to continue working on a project is bad faith. As the district court concluded, Fidelity and Zurich had a contractual right to take possession of all the work under the contract and arrange for its completion. (R.5-76 at 23.) Fidelity and Zurich exercised that contractual right, and, as the district court noted (*id.* at 23-24), the exercise of a contractual right is not evidence of bad faith.

Finding no error, we affirm the judgment of the district court.

AFFIRMED.