■ JEFFREY YAMIN et al., Appellants, v MOE'S SOUTHWEST GRILL, LLC, et al., Respondents, et al., Defendants. [924 NYS2d 226]—

Lahtinen, J. Appeal from an order of the Supreme Court (McDonough, J.), entered April 2, 2010 in Albany County, which, among other things, granted a motion by defendants Moe's Southwest Grill, LLC and Raving Brands, Inc. for summary judgment dismissing the breach of contract causes of action against them.

Plaintiffs contend that the various defendants, among other things, breached and interfered with their contractual rights to open and operate a restaurant in Albany County. Defendant Moe's Southwest Grill, LLC[1] was a Georgia-based restaurant chain that received support services in franchising its restaurants from defendant Raving Brands, Inc.[2] In 2003, plaintiff Jeffrey Yamin and nonparty Derek Broyard entered into a Moe's market development agreement (hereinafter MDA), which authorized them to open three restaurants in Albany County in

1. Moe's Southwest Grill, LLC was reportedly sold in August 2007 to Focus Brands, Inc.

2. In most circumstances relevant to this appeal, Moe's and Raving Brands apparently acted jointly. They will be separately identified in this decision only when they acted separately and such separate act was pertinent to an issue on appeal.

accordance with a development schedule. They paid a $50,000 fee to Moe's for this right and thereafter opened one restaurant in the Town of Guilderland, Albany County. They otherwise failed to open any additional restaurants within the time allotted by the 2003 MDA. Accordingly, in early 2005, Moe's terminated the agreement, but, at the same time, offered to consider a new agreement. That offer led to plaintiffs in this action, Jeffrey Yamin and Michael Yamin, entering into an MDA in August 2005 that is disputed in this appeal.

The 2005 MDA referenced the franchise development fee as having been previously paid, granted plaintiffs the right to open two additional restaurants (for a total of three) and required that the first additional restaurant open by February 2006 and the second by December 2006. One site proposed by plaintiffs in 2005 for a restaurant on Wolf Road in the Town of Colonie, Albany County was not approved by Moe's. The first (and only) restaurant opened by plaintiffs under the 2005 MDA was on Central Avenue in Colonie, but it did not open until December 2006, which was after the deadline set in the 2005 MDA. Although the terms of the 2005 MDA provided that failure to comply with the development schedule would result in the agreement "automatically expir[ing]," Moe's nevertheless continued discussions with plaintiffs about a possible third restaurant after December 2006.

Moe's had also entered into an MDA in 2004 with a corporation controlled by defendant Jonathan Trager, under which restaurants had been opened in the Town of Clifton Park, Saratoga County and in the City of Saratoga Springs, Saratoga County. In March 2007, Moe's and Trager (through his corporation, defendant Jet Enterprises M4, LLC) entered into a new MDA (hereinafter 2007 Trager MDA). Significantly, unlike the prior MDAs of the parties, the 2007 Trager MDA included a grant to Trager of exclusive development rights for a five-mile radius around his area of responsibility, which included "Schenectady/Niskayuna, NY, Queensbury, NY, Wolf Road, Albany, NY, North/East Greenbush, NY." The exclusive rights did not apply to the two restaurants already operated by plaintiffs and also included an exception for Glenmont in Albany County. Trager did, however, open a restaurant on Wolf Road in Colonie, albeit at a different location on the road than plaintiffs had proposed in 2005.

Plaintiffs commenced this action in late 2007 asserting five causes of action. After extensive disclosure, defendants made motions for summary judgment. Supreme Court dismissed all causes of action as to Moe's, dismissed all but the fifth cause of

action (alleging tortious interference with contract) as to Raving Brands and, of the three causes of action asserted against the remaining defendants, dismissed one cause of action. Plaintiffs appeal, limiting their argument to their breach of contract causes of action against Moe's and Raving Brands that were dismissed.

Plaintiffs contend that they raised factual issues as to whether Moe's acted in good faith under the 2005 MDA. Specifically, they assert that Moe's breached the 2005 MDA by not approving locations they proposed for a third restaurant and also by granting an exclusive area to Trager in 2007 that foreclosed plaintiffs from adding a third restaurant in much of the greater Albany County area. Moe's counters that it had absolute discretion under the 2005 MDA to reject a proposed restaurant, and that even if good faith were required, it established such conduct. Regarding the exclusive area granted to Trager in 2007, Moe's asserts that the 2005 MDA had expired before it entered into the 2007 Trager MDA.

We consider first the issues of whether there was a requirement of good faith and, if so, whether Moe's established compliance therewith. We answer both issues in the affirmative. The parties agree that Georgia contract law controls. Under Georgia law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement" (*Brack v Brownlee*, 246 Ga 818, 820, 273 SE2d 390, 392 [1980] [internal quotation marks and citation omitted]; *see ULQ, LLC v Meder*, 293 Ga Ct App 176, 179, 666 SE2d 713, 717 [2008]). There is a recognized exception to this general principle in that "it is possible to so draw a contract as to leave decisions absolutely to the uncontrolled discretion of one of the parties and in such a case the issue of good faith is irrelevant" (*Automatic Sprinkler Corp. of Am. v Anderson*, 243 Ga 867, 868, 257 SE2d 283, 284 [1979] [internal quotation marks and citations omitted]). This is a "rare exception" (*Hunting Aircraft, Inc. v Peachtree City Airport Auth.*, 281 Ga Ct App 450, 451, 636 SE2d 139, 141 [2006]). Although it may apply where the intent to grant absolute discretion is conveyed by the use of phrases such as "the sole judge," "entirely within the discretion of the corporation," and "complete and absolute discretion" (*ULQ, LLC v Meder*, 293 Ga Ct App at 179, 666 SE2d at 717), even the use of such phrases may not be dispositive since the language must be considered within the context of the entire contract (*see* Larkins, Georgia Contracts: Law and Litigation § 5-6 [b]).

Section 7 of the 2005 MDA addresses site selection, and two sentences from paragraph 7.1 are the focus of this dispute. The

first states that "[f]ranchisor shall either accept or reject the proposed site utilizing its then-current site selection policies and procedures." Later, paragraph 7.1 provides in pertinent part that "[d]eveloper acknowledges and agrees that [f]ranchisor may reject any proposed site for any reason in its sole discretion." Although the second sentence uses the phrase "sole discretion," when this language is read in context with the obligation in the earlier sentence that Moe's consider a proposed site within the framework of its site selection policies, it becomes apparent that this is not one of the "rare" situations where good faith is totally irrelevant.

However, reading both relevant sentences of paragraph 7.1 together and giving them meaning reveals that the obligation of Moe's regarding site selection was nevertheless narrow. So long as Moe's considered a site within the framework of site selection policies and did not merely deny a request arbitrarily without review, it had discretion to reject a site for virtually any reason. While Moe's did not have a written site selection policy in 2005, there was no requirement that the policy be in writing. The employee of Raving Brands who worked on plaintiffs' Wolf Road proposal described the review regarding that site. Although the site was on a desirable busy street, it was characterized as lacking street visibility, having poor street access and being in the rear of a small retail center. Plaintiffs do not dispute these characterizations. Moe's established that it did not arbitrarily reject without review plaintiffs' proposed Wolf Road site. The other sites alluded to by plaintiffs as being rejected by Moe's are not identified with sufficient specificity to require Moe's to explain its review as to each site.

Next, we agree with Supreme Court that Moe's did not breach plaintiffs' 2005 MDA when it granted exclusive rights in the 2007 Trager MDA. Plaintiffs' 2005 MDA did not provide them with exclusive rights in the Albany market. More importantly, plaintiffs' agreement had expired before Moe's entered into the 2007 Trager MDA. Plaintiffs were required under the 2005 MDA to open one restaurant by February 2006 and a second by December 2006. Under section 12 of the 2005 MDA entitled "termination," Moe's could have terminated the agreement with written notice when plaintiffs failed to establish the first restaurant in a timely fashion; but Moe's did not elect to do so. However, section 3 of the 2005 MDA labeled "Term" provided that the agreement "shall automatically expire, without any action on the part of either party being necessary, on the date after operations of the final Restaurant to be developed hereunder are required to commence as set forth on the Development

Schedule." Under the unambiguous terms of the agreement, the failure of plaintiffs to meet the final date for opening the second restaurant resulted in the agreement automatically expiring without the necessity of notice, written or otherwise. Plaintiffs' estoppel argument premised upon continuing communications between the parties was not raised before Supreme Court and, in any event, is unavailing.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.