[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14698
_____

D.C. Docket No. 4:11-cv-00102-WTM-GRS

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Plaintiff – Appellee,

versus

C.E. HALL CONSTRUCTION, INC., et al.,

Defendants – Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 22, 2015)

Before ROSENBAUM and FAY, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PER CURIAM:

_____

[*] The Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

Appellant C.E. Hall Construction ("Hall Construction") obtained payment and performance bonds from Appellee Fidelity and Deposit Company of Maryland ("F&D") in connection with its contract to construct the Southside Baptist Church (the "Church") Community Outreach Center (the "Project") in Savannah, Georgia. In return, Appellants Hall Construction, Charles E. Hall, and C.E. Hall, Inc. (collectively, the "Halls") promised to indemnify F&D against loss on the bonds (the "Indemnity Agreement").

Problems arose between the Church and Hall Construction soon after construction began. The Church refused to pay Hall Construction the entire amount sought under a pay request and, as a result, Hall Construction was unable to pay its subcontractors in full. The City of Savannah also placed a hold on the building permit due to revisions to the original construction plans. Construction on the Project ceased thereafter. The Church terminated its contract with Hall Construction and formally demanded that F&D perform under the performance bond. F&D also received claims against the payment bond from three subcontractors.

The Halls requested that F&D not pay the claims. F&D asked the Halls to post collateral but the Halls declined to do so. F&D settled the subcontractors' claims under the payment bond and the Church's claim under the performance bond. F&D sought indemnity from the Halls, but the Halls refused to indemnify

2

F&D.  As a result of the Halls' refusal, F&D filed this action in the Southern

District of Georgia.

The district court initially denied F&D's motion for summary judgment.  On

motion to reconsider, the district court granted F&D's motion for summary

judgment, concluding there were no genuine issues of material fact as to whether

F&D acted in good faith in settling the claims and F&D was, thus, entitled to

indemnity.  The Halls appeal the district court's judgment.

## I.

We review *de novo* a district court's grant of summary judgment.  *McCullum*

*v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1141 (11th Cir. 2014).

## II.

The Halls argue that the district court erred in granting summary judgment

in favor of F&D.  The Halls raise three issues, which are addressed below.

First, the Halls argue the district court ignored genuine issues of material

fact as to whether F&D acted in good faith.  We disagree.

The Indemnity Agreement requires the Halls to jointly and severally

indemnify F&D against

> liability for losses and/or expense of whatsoever kind or nature
> (including, but not limited to, interests, court costs and counsel fees)
> and from and against any and all such losses and/or expenses which
> the Surety may sustain and incur: (1) By reason of having executed or
> procured the execution of the Bonds, (2) By reason of the failure of
> the [Halls] to perform or comply with the covenants and conditions of

3

this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

"In the event of any payment" by F&D, F&D may

charge for . . . disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed.

Paragraph 13 of the Indemnity Agreement also gives F&D the right to settle claims against the bonds:[1]

The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the [Halls] shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

As provided above, F&D's right to settle is limited only if the Halls request that F&D litigate the claim and deposit collateral with F&D.

The Halls do not dispute they did not post collateral. Thus, F&D is entitled to indemnity on disbursements for claims settled in good faith.

The Halls rely heavily on the district court's initial order denying summary judgment. In that order, the district court identified factual disputes concerning the adequacy of F&D's investigation, which the court found relevant to the issue of

---

[1] Should F&D settle a claim, "vouchers or other evidence of any such payments . . . shall be prima facie evidence of the fact and amount of the liability."

whether F&D settled in good faith.  The court also identified factual disputes as to whether Hall Construction defaulted on the contract with the Church and whether there were reasons outside of Hall Construction's control that prevented it from paying its subcontractors.

However, on reconsideration, the district court found that "[the Halls] have not identified anything in the record to suggest that [F&D] acted unreasonably by settling the performance bond and payment bond claims . . . ."  It also noted that the exercise of a contractual right, without more, cannot form the basis for bad faith.

On appeal, the Halls rely on their defenses to the claims in support of their contention that F&D settled in bad faith.  The Indemnity Agreement, however, provides that F&D may settle claims "under the belief that it is or was liable . . . or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed."  Even if F&D determined that the Halls' defenses were valid, F&D had the contractual right to settle claims where it determined it was necessary or expedient to do so.  Exercise of a contractual right is not evidence of bad faith.

The Halls also rely on the alleged inadequacy of F&D's investigation of the claims to show lack of good faith.  "[W]here a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether

5

it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion." *MacDougald Constr. Co. v. State Highway Dep't*, 188 S.E.2d 405, 406 (Ga. Ct. App. 1972). "Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and it implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." *Nguyen v. Lumbermens Mut. Cas. Co.*, 583 S.E.2d 220, 223 (Ga. Ct. App. 2003) (internal quotation marks omitted). F&D conducted an investigation into the claims but the Halls disagree with the results of the investigation. Disagreement with an investigation is not evidence of bad faith. *See Fidelity and Deposit Co. of Maryland v. Douglas Asphalt Co.*, 338 F. App'x 886, 887 (11th Cir. 2009).[2] The district court, therefore, did not err in concluding there was no evidence of bad faith.

Second, the Halls correctly argue that the district court erred in finding that they failed to request that F&D contest the default. However, it is undisputed that the Halls did not post collateral. Absent a request to litigate and the posting of collateral, F&D had the contractual right to settle claims so long as they were settled in good faith. Therefore, the district court's error was harmless.

---

[2] *See also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 571 F.3d 1143, 1146 (11th Cir. 2009) (an inadequate investigation "must be accompanied by other evidence of improper motive, such as a self-interested settlement," to show bad faith under Florida law).

6

Finally, the Halls argue that the district court erred in concluding that F&D owed no fiduciary duty to them. The Halls cite to *McLendon v. Hartford Acc. & Indem. Co.*, in which the Georgia Court of Appeals found that "the [surety] held a fiduciary relationship with [the principal] and was required to act in good faith and with loyalty." 167 S.E.2d 725, 726 (Ga. Ct. App. 1969). That determination, however, was based on contractual language, which the court interpreted made the surety the agent of the principal because it gave the surety the right "to decide and determine whether any claim, demand, liability, suit, action, judgment or adjudication, made, brought, or entered against the surety or principal . . . shall, or shall not, be defended, tried, appealed, or settled . . . ." *Id.*

The Halls rely on an attorney-in-fact provision in the Indemnity Agreement to impose a fiduciary duty:

> Contractor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Contractor and Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Contractor and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement.

This provision merely designates F&D as the attorney-in-fact for the purpose of exercising the Halls' rights to provide protection to F&D. In settling the claims

7

against the bonds, F&D exercised its rights under Paragraph 13 of the Indemnity Agreement, not the Halls' rights under the attorney-in-fact provision.  Thus, the district court did not err in determining F&D did not owe a fiduciary duty to the Halls under the Indemnity Agreement.

## III.

We affirm the district court's grant of summary judgment in favor of F&D.

AFFIRMED.